NUMBER 13-99-234-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RICARDO SALDANA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 174th District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Kennedy(1)


Opinion by Justice Kennedy



 This appeal first came to this court based upon an Anders brief.(2)
 
Subsequently, appellant filed a pro se motion for extension of time to
file a brief which was granted. After some time elapsed during which
no brief was filed, this court entered an order abating the appeal and
ordering the trial court to conduct a hearing to determine whether
appellant desired to prosecute his appeal, whether he was indigent, and
to make appropriate findings and recommendations in accordance with
Texas Rule of Appellate Procedure 38.8(b)(2).

 A hearing was held at which Mr. Kenneth W. Smith was
appointed to represent appellant on appeal. Mr. Smith filed a brief on
April 17, 2000 to which the state filed a reply brief on July 17, 2000. 
Mr. Smith has filed a reply brief to the state's brief on August 15, 2000.

 Appellant was charged with aggravated sexual assault of a child. 
He pleaded guilty to the indictment without the benefit of a punishment
recommendation from the state. His adjudication of guilt was deferred
and he was placed on probation for ten years. Subsequently, the trial
court found that he had violated the terms of his probation, adjudicated
his guilt, and assessed punishment at confinement for ten years.

 The current posture of this appeal is that appellant has presented
three issues to this court. Issue one is that appellant's original plea is
invalid due to a violation of the ex post facto clause of the United States
Constitution. In summary, his complaint is that after he pleaded guilty
originally, the state passed the Sex Offender Registration Program Act
which requires a person convicted of a sex offense to register with
local law enforcement authority in a municipality in which he intends
to reside for more than seven days. Tex. Code. Crim. Proc. Ann. art.
62.02(a) (Vernon Supp. 2000). Appellant's second issue is a companion
to his first, i.e., appellant was not properly admonished as to the
consequences of his plea, that he would have to register under the Sex
Offender Registration Program Act. 

 The state's reply to the first two issues is that they are waived as
not having been raised on appeal from the deferred adjudication. The
state cites Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999). Appellant argues in reply that these issues are grounded in
events which did not transpire (exist) until after the time to appeal the
deferred adjudication order had expired.

 With all due respect to Manuel, we are at a loss to know how
appellant could have appealed something no one knew about at the
time of the deferred adjudication. We address the first two issues from
the standpoint of whether the enactment of the Sex Offender
Registration Program violates the ex post facto provision of the U. S.
Constitution. We think not.

 We adopt the reasoning in the state's brief that the Sex Offender
Registration Program does not constitute "punishment" for appellant's
past crimes. Because the registration requirement is remedial in nature,
i.e., a statute enacted for the advancement of the public welfare or
conducive to the public good, it does not impose "punishment" for
constitutional purposes and thus is not susceptible to a claim that the
statute violates ex post facto principles. We hold that enactment of
new penal laws which appellant has not yet violated, and might not
ever violate, does not constitute the enactment of ex post facto laws. 
We deny the relief sought in issues one and two.

 Issue three raises the question of ineffective assistance of counsel
at a critical stage of the proceedings. Appellant points out that the
revocation occurred on February 16, 1999 and that appellant filed his
pro se notice of appeal on March 15, 1999. The result is that appellant
was without counsel from his sentence date to the time present counsel
was appointed. What occurred thereafter has been recited in the
opening paragraphs of this opinion.

 Ineffective assistance of counsel is governed by the well settled
two-prong rule set out in Strickland v. Washington, 466 U.S. 668 (1984)
to be (in summary) (1) did counsel's representation fall below an
objective standard of reasonableness, and (2) if so, is there a reasonable
probability that, but for counsel's errors, the result of the proceeding
would have been different. See also Hernandez v. State, 726 S.W.2d 53,
56-57 (Tex. Crim. App. 1986).

 We do not consider it necessary to pass on the performance of
appellant's first counsel. The issue fails the second prong of the
Strickland test. This appeal has proceeded in a normal fashion. 
Deference has been shown to counsel at every stage of this appeal. 
Appellant was allowed to file an out-of-time motion for extension of
time to file a pro se brief. He was appointed new counsel to appeal his
conviction and this counsel filed both a brief (49 pages) and a reply to
the state's reply brief. We hold that not having counsel between
appellant's conviction and the perfecting of this appeal has not harmed
appellant and that the result would not have been different if he had
had counsel during the period cited. We deny the relief requested in
appellant's third issue and AFFIRM the judgment of the trial court.

 

 NOAH KENNEDY

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 19th day of October, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).

2. Anders v. California, 386 U.S. 738 (1967).